UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRAVIS THOMAS, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-15750** |
| **EXXON MOBIL CORPORATION, ET AL.** | **SECTION: "H"(2)** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand (Doc. 11). For the following reasons, this Motion is **DENIED**.

## BACKGROUND

Plaintiff brings this action alleging that exposure to benzene and benzene-containing products at the hands of various defendants caused him to develop acute myeloid leukemia. Defendants Shell Oil Company and Exxon Mobil Corporation removed the action to this Court on grounds of diversity jurisdiction. They argue that Jafri's Faith, Inc., the only non-diverse defendant, is fraudulently joined in an effort to defeat this Court's diversity jurisdiction. Plaintiff responds with the instant Motion to Remand.

1

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[1] The burden is on the removing party to show "[t]hat federal jurisdiction exists and that removal was proper."[2] When determining whether federal jurisdiction exists, courts consider "[t]he claims in the state court petition as they existed at the time of removal."[3] "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties."[4] Removal statutes should be strictly construed, and any doubt should be resolved in favor of remand.[5]

## LAW AND ANALYSIS

Defendants Shell Oil Company and Exxon Mobil Corporation contend that Defendant Jafri's Faith, Inc. is fraudulently joined to prevent removal. "Fraudulent joinder can be established by demonstrating either '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"[6] Generally, the court conducts an analysis similar to that employed in the context of Rule 12(b)(6), asking whether there is a legal basis for recovery assuming the facts in the complaint as true.[7] In certain circumstances,

---

[1] 28 U.S.C. § 1441(a).
[2] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[3] *Id.*
[4] *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996)
[5] *Id.*
[6] *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006).
[7] *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

2

however, the court may pierce the pleadings and conduct a summary inquiry. "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."[8] Examples of such facts include "the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true."[9] The court evaluates all of the contested factual allegations in the light most favorable to the plaintiff and resolves any uncertainties in the controlling state's substantive law in the plaintiff's favor.[10] The burden of showing fraudulent joinder is a "heavy one."[11]

There is no dispute that Defendant Jafri's and Plaintiff share Louisiana citizenship. Accordingly, removal on the basis of diversity is improper absent a finding that Jafri's is fraudulently joined. Defendants spend much of their opposition to Plaintiff's Motion to Remand arguing that Plaintiff cannot properly assert a claim against Jafri's under the Louisiana Products Liability Act ("LPLA"). Indeed, "[t]he LPLA 'establishes the exclusive theories of liability for manufacturers for damage caused by their products.'"[12] Defendants' reliance on the exclusivity provisions of the LPLA is misplaced, however, as Plaintiff alleges that Jafri's is the seller, not the manufacturer, of the harmful product at issue. Claims involving sellers fall outside the scope of

---

[8] *Id.*
[9] *Id.* at n.12.
[10] *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003).
[11] *Id.* at 649.
[12] *Brown v. R.J. Reynolds Tobacco Co.*, 52 F.3d 524, 526 (5th Cir. 1995) (quoting La. Rev. Stat. § 9:2800.52).

3

the LPLA.[13]  "[A] non-manufacturing seller of a defective product can be held liable outside of the provisions of the LPLA, 'but only if he knew or should have known that the product sold is defective.'"[14]

Nevertheless, upon review of the Petition, the Court finds that the allegations contained therein are insufficient to state a negligence claim against Jafri's.  A plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[15]  A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[16]  A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[17]  The Court need not, however, accept as true legal conclusions couched as factual allegations.[18]  Here, Plaintiff's sole factual allegation specific to Jafri's is that it sold gasoline to Plaintiff.  The Petition contains no specific factual allegations relative to Jafri's knowledge of defects in the product at issue.  Plaintiff's boilerplate statement that all "defendants knew or should have known of the health hazards inherent in the products" at issue is a legal conclusion and lacks sufficient specificity.  Accordingly, the Court finds that Jafri's is fraudulently joined, as the Petition does not provide a legal basis for recovery against it.  The Motion to Remand is therefore denied.

---

[13] *See Kelley v. Hanover Ins. Co.*, 722 So. 2d 1133, 1137 (La. App. 5 Cir. 1998), *writ denied*, 738 So. 2d 576 (La. 1999).

[14] *Wornner v. Christian Home Health Care, Inc.*, No. 13-6416, 2014 WL 130331, at *4 (E.D. La. Jan. 14, 2014).

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[16] *Id.*

[17] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

[18] *Iqbal*, 556 U.S. at 667.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **DENIED**.

New Orleans, Louisiana this 25th day of January, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**