UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TRAVIS THOMAS ET AL.                                CIVIL ACTION

VERSUS                                              NO. 16-15750

EXXON MOBIL CORPORATION ET AL.                      SECTION "H" (2)

**ORDER AND REASONS ON MOTION**

This is a personal injury action alleging liability for damages caused to plaintiffs Travis Thomas, his wife and minor children by his long-term exposure to benzene in gasoline. The lawsuit was filed in state court and removed to this court based on diversity jurisdiction by all defendants except Jafri's Faith, Inc. ("Jafri's"), which has not appeared in the action. Notice of Removal, Record Doc. No. 1. The removing defendants, Exxon Mobil Corporation, Shell Oil Company, Ingram Barge Company, Frontier Merger Sub LLC, Cash America, Inc. of Louisiana[1] and Gentilly, LLC (collectively "defendants"), contend in their notice of removal that plaintiffs fraudulently joined Jafri's, a Louisiana citizen, to defeat diversity jurisdiction. Id. at p. 2 ¶ 2, p. 5 ¶ 11 et seq.

Plaintiffs promptly moved to remand the action to state court. The presiding district judge denied the motion. Order and Reasons, Record Doc. No. 26. In assessing whether plaintiffs had alleged a cause of action against the non-diverse defendant to avoid

---

[1]Frontier Merger Sub LLC is the successor to the named defendant, Cash America International, Inc., which did not exist when the petition was filed. Record Doc. No. 1-5. Cash America, Inc. of Louisiana, erroneously named Cash America of Louisiana, Inc. in the petition, supplied its correct name in its Answer. Record Doc. No. 20. Plaintiffs failed to correct the names of these defendants in their motion to file an amended complaint that is pending before me. Record Doc. No. 31-1.

a finding of fraudulent joinder, the district judge "conduct[ed] an analysis similar to that employed in the context of [Fed. R. Civ. P.] 12(b)(6), asking whether there is a legal basis for recovery assuming the facts in the complaint as true." Id. at p. 2. The court applied the Rule 12(b)(6) standard to plaintiffs' petition, which "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted).

> The district court held that the petition's
>
> sole factual allegation specific to Jafri's is that it sold gasoline to [Travis Thomas]. The Petition contains no specific factual allegations relative to Jafri's knowledge of defects in the product at issue. Plaintiff's boilerplate statement that all "defendants knew or should have known of the health hazards inherent in the products" at issue is a legal conclusion and lacks sufficient specificity. Accordingly, the Court finds that Jafri's is fraudulently joined, as the Petition does not provide a legal basis for recovery against it. The Motion to Remand is therefore denied.

Record Doc. No. 26 at p. 4. The order did not expressly dismiss plaintiffs' claims against Jafri's. Plaintiffs were not given an opportunity to amend to cure any pleading deficiencies before the ruling.

No return of service on Jafri's had been filed in the state court record when this action was removed to federal court. After plaintiffs' motion to remand was denied, the Clerk of Court directed plaintiffs to file a return of service on Jafri's. Record Doc.

2

No. 27. Plaintiffs did so on March 14, 2017. Record Doc. No. 28. The return of service shows that the petition was served on Jafri's before the lawsuit was removed, but the return was not filed in the state court record until five days after the removal. Id. On March 21, 2017, the court ordered plaintiffs to prosecute their claims against Jafri's or risk dismissal for failure to prosecute. Record Doc. No. 29.

Ten days later, plaintiffs filed a Motion for Leave to File First Amended Complaint, Record Doc. No. 31, which is pending before me. They seek to add allegations against Jafri's in new paragraphs 37 through 40 of their proposed amended complaint to "cure the defects of the original Petition for Damages and permit remand to the state court." Id. at p. 2. The amended complaint also adds allegations against Shell in its new paragraphs 37 through 39 and 41 through 44, although plaintiffs do not mention these new allegations in their motion. Record Doc. No. 31-1. Defendants filed timely opposition memoranda, arguing against allowing the amendment regarding Jafri's because it would destroy diversity of citizenship, the sole basis for this court's subject matter jurisdiction. Like plaintiffs, defendants do not mention the new allegations against Shell. Record Doc. Nos. 32-35, 38. Plaintiffs received leave to file a reply memorandum. Record Doc. Nos. 39, 40, 41. No scheduling order has yet been entered.

Having considered the written submissions of the parties, the record and the applicable law, IT IS ORDERED that the motion is GRANTED for the following reasons.

3

## ANALYSIS

Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." Because the policy of Rule 15 is to permit liberal amendment of pleadings in the absence of substantial prejudice to defendants that cannot be cured by other means, Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597 (5th Cir. 1981), Rule 15(a) evinces a bias in favor of granting leave to amend. Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. Stripling v. Jordan Prod. Co., 234 F.3d 863, 872 (5th Cir. 2000) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994); Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co., 195 F.3d 765, 770 (5th Cir. 1999); Dussouy, 660 F.2d at 597-98). Thus, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), but such leave "is by no means automatic." Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted). Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." Id. Futility in this context means "that the amended complaint would fail to state a claim upon which relief could be granted. . . . [Thus,] to determine futility, we will apply the same standard of legal sufficiency as applies under

Rule 12(b)(6)." Stripling, 234 F.3d at 873 (quotations and citations omitted); accord Fenghui Fan v. Brewer, 377 F. App'x 366, 367 (5th Cir. 2010).

In addition, a court generally should not dismiss an action under Rule 12(b)(6) because it fails to state a claim upon which relief may be granted, which, as the court stated in the prior ruling in the instant case, requires essentially the same analysis as the fraudulent joinder standard, without giving plaintiffs "at least one chance to amend" the complaint. Hernandez v. Ikon Office Solutions, Inc., 306 F. App'x 180, 182 (5th Cir. 2009); accord Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002). Plaintiffs have not previously been provided an opportunity to amend to cure pleading deficiencies.

Defendants contend that the court's prior ruling that plaintiffs failed to state a claim against Jafri's upon which relief may be granted and that Jafri's was improperly joined as a defendant "is tantamount to a dismissal." Record Doc. No. 33 at p. 2 (Shell and Exxon Mobil's memorandum in opposition). Defendants argue that the failure to dismiss Jafri's explicitly is "'a mere technicality'" because "the denial of plaintiffs' motion to remand 'effectively dismissed the [. . . non-diverse] defendants by finding that the plaintiffs failed to state a claim against them.'" Id. at p. 3 (quoting Holmes v. Entergy Corp., No. 98-3119, 1999 WL 288774, at *2 (E.D. La. May 6, 1999)). Defendants ask that the court expressly dismiss all claims against Jafri's now, which would render plaintiffs' motion to file an amended complaint against a non-party either moot or futile.

Although the Holmes court cited no decision of the Fifth Circuit or any other court in support of its holding quoted above, the Fifth Circuit made the same ruling one year ago in International Energy Ventures Management, L.L.C. v. United Energy Group, Ltd., 818 F.3d 193 (5th Cir. 2016). The Fifth Circuit held that "[w]hen, as here, a court determines that a nondiverse party has been improperly joined to defeat diversity, that party must be dismissed without prejudice." Id. at 209. Thus, when the district court denied plaintiff's "motion to remand because [plaintiff] has not stated any claim against [the non-diverse defendant] that survives a Rule 12(b)(6)-type analysis . . . , it effectively dismissed the claims against [that defendant] without prejudice" and no longer had jurisdiction over that defendant. Id. at 209, 210; accord Alviar v. Lillard, No. 16-11501, 2017 WL 1369864, at *4 (5th Cir. Apr. 14, 2017) (citing Int'l Energy Ventures Mgmt., 818 F.3d at 210).

The Fifth Circuit's ruling in International Energy Ventures dictates how the instant motion must be addressed. In denying plaintiffs' motion to remand, the district judge held that the petition failed to state a claim against Jafri's upon which relief may be granted and that Jafri's was therefore fraudulently joined. Effectively, Jafri's is no longer a defendant in this action. However, its dismissal under these circumstances and the Fifth Circuit precedent cited above was without prejudice. The court therefore construes plaintiffs' motion as one to amend to add a defendant.

6

When an amendment to join a defendant after removal from state court would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies. Section 1447(e) vests broad discretion in the trial court by expressly providing the following choice with respect to non-diverse defendants: "the court <u>may</u> deny joinder, <u>or permit joinder</u> and remand the action to the State court." (Emphasis added). The language of Section 1447(e) is entirely permissive. Exercise of this discretion depends upon application of the factors enunciated by the Fifth Circuit in <u>Hensgens v. Deere & Co.</u>, 833 F.2d 1179, 1182 (5th Cir. 1987), and approved in <u>Tillman v. CSX Transp., Inc.</u>, 929 F.2d 1023, 1029 n.11 (5th Cir. 1991), to determine whether the proposed amendment should be permitted. I find that application of the <u>Hensgens</u> factors in this case establishes that the motion to amend should be granted.

Defendants contend that plaintiffs' additional allegations against Jafri's do nothing to cure the defects identified in the prior ruling and that the amendment would be futile. Summing up defendants' arguments, Ingram Barge asserts that "[p]laintiffs simply employ more sentences to convey the same dearth of factual allegations against Jafri's." Ingram Barge's memorandum in opposition, Record Doc. No. 35 at p. 6. Although it is a close question, I cannot agree. I must read the proposed amended complaint as a whole and view all contested facts in the light most favorable to plaintiffs, even if doubtful in fact. <u>Harold H. Huggins Realty, Inc. v. FNC, Inc.</u>, 634 F.3d 787, 796, 803 n.44 (5th Cir. 2011); <u>Maloney Gaming Mgmt., L.L.C. v. St. Tammany Parish</u>, 456 F. App'x 336, 340

7

(5th Cir. 2011). Viewing the proposed amended complaint in that way, plaintiffs' allegations are sufficient to state a plausible "claim against a nondiverse defendant on which relief <u>may</u> be granted." <u>Int'l Energy Ventures Mgmt.</u>, 818 F.3d at 202 (emphasis in original).

Plaintiffs allege that Jafri's was a Shell-branded gas station from 1997 until 2015 in the primary business of selling gasoline manufactured by Shell and that Jafri's sold tens of thousands of gallons of gasoline each year. They assert that, while Travis Thomas was employed by Cash America for many years, he frequently and regularly purchased gasoline at Jafri's and filled portable plastic gas cans with the gasoline, where he inhaled the vapors and his skin came into frequent and regular contact with gasoline, which exposed him to toxic levels of benzene. Plaintiffs allege that the health hazards of benzene exposure have been widely known since at least 1948, when study results were released and safety standards were established to limit the benzene exposure of workers. These facts plausibly support plaintiffs' assertion that <u>all</u> defendants, including Jafri's, knew or should have known many years ago of the hazards and causal relationship of benzene to certain physical disorders, including acute myeloid leukemia, the disease that Thomas has. Plaintiffs allege that all defendants negligently misrepresented, concealed or omitted material information about the known hazards. They allege that Jafri's either negligently failed to investigate the defects in the gasoline it sold in such great quantities

8

over so many years or found, knew or should have known about such defects, but failed to warn about and/or misrepresented the potentially toxic effects of benzene to Thomas.

Plaintiffs have now alleged the legal elements of a negligence cause of action against Jafri's; i.e., that the conduct in question was a cause-in-fact of the resulting harm, defendant owed a duty of care to the plaintiff, the requisite duty was breached by defendant and the risk of harm was within the scope of protection afforded by the duty. Oubre v. Eslaih, 869 So. 2d 71, 77 (La. 2004) (citations omitted). Although the court is not required to accept as true the legal conclusions in the amended complaint, the factual allegations regarding what Jafri's knew, when it knew certain information and whether it took or failed to take any of the actions that plaintiffs allege "'plausibly give rise to an entitlement to relief" under a negligence theory. Iqbal, 556 U.S. at 664; accord Thomas v. Chevron U.S.A., Inc., 832 F.3d 586, 591-92 (5th Cir. 2016).

Finally, defendants argue that the motion should be denied because plaintiffs state that their purpose in amending is to "cure the defects of the original Petition for Damages and permit remand to the state court," Record Doc. No. 31 at p. 2 (emphasis added), which defendants argue is an admission that the non-diverse party was joined to defeat jurisdiction. Therefore, defendants contend, the proposed amendment is filed in bad faith, which is one of the factors to consider under Rule 15(a), or should be denied under the first Hensgens factor.

The first <u>Hensgens</u> factor is the extent to which joinder of a non-diverse party is sought to defeat federal jurisdiction. It is clear from plaintiffs' original filing decision, their previously denied motion to remand and their motion to amend that they prefer to pursue this litigation in state court, where they can try their causes of action against all the defendants they have named at the same time and in the same court. Nonetheless, I cannot conclude that plaintiffs' principal motivation is to defeat this court's subject matter jurisdiction. It makes legal and practical sense that Jafri's should be a defendant under the circumstances and given the factual allegations that Thomas was frequently and regularly exposed to Shell-branded gasoline at Jafri's, but that Jafri's either never warned him or misrepresented the dangers of the exposure, thus raising the possibility that Jafri's may be directly liable to plaintiffs in damages. A finding of liability is better and more reliably made if <u>all</u> alleged wrongdoers are in the same case and able to defend themselves directly. In addition, there are procedural and discovery advantages available to plaintiffs if the non-diverse party is a defendant rather than merely a non-party witness. Thus, while plaintiffs have admitted that one of their purposes is to move again to remand to state court, they also have other motivations unrelated to their desire in seeking to clarify their factual allegations. In addition, in moving to amend, they are taking advantage of the legal imperative mandated by the Fifth Circuit precedent cited above; <u>i.e.</u>, that they must be permitted at least one opportunity to amend before dismissal under the Rule

12(b)(6) standards. Thus, this factor is neutral, weighing neither in favor of nor against permitting the amendment.

The second Hensgens factor is whether plaintiffs have been dilatory in asking for the amendment. Defendants do not argue that plaintiffs have been dilatory. The usual deadline for amending pleadings set in this court's standard scheduling order has not yet been entered. This factor militates in favor of permitting the amendment.

The third Hensgens factor is whether plaintiffs would be significantly injured if the requested amendment is not allowed. Plaintiffs allege in their petition and proposed amended complaint that Jafri's was a Shell-branded gasoline station which sold gasoline containing benzene for many years and did so negligently. Their claims against Shell and the other defendants in this court arise out of some or all of the same factual circumstances. If plaintiffs were to prosecute their claims against Jafri's in state court while pursuing their related claims against the other defendants here, the risk arising from parallel proceedings in two separate jurisdictions of inconsistent orders and the time and expense of duplicative discovery, pretrial proceedings, settlement efforts and trial will all be substantial. Considerations of cost and efficiency, both for the parties and for the courts involved, militate heavily in favor of not requiring plaintiffs to prosecute their similar claims in two forums. Thus, plaintiffs run substantial risk of significant injury if they are not permitted to add factual allegations against a defendant whose actions are

alleged to have caused or contributed to their damages. This factor weighs heavily in favor of permitting the amendment.

The final Hensgens consideration is any other factor bearing on the equities. As demonstrated by their notice of removal and their opposition to the motions to remand and to amend, defendants prefer to litigate in federal court. However, that choice is no more compelling than plaintiffs' desire to litigate against all potentially liable defendants in one forum. This case involves state law claims in the state district court jurisdiction where at least one defendant is located and conducts its business and where much of the witness testimony and evidence can be expected to be found. The interest of the judicial system in avoiding parallel actions is significant. For all of the reasons discussed above, I find that the equities favor permitting plaintiffs' amendment in this case.

For similar reasons, the Rule 15 factors also weigh in favor of permitting the amendment. Neither undue delay nor repeated prior amendments have occurred. The existing parties will not be prejudiced by the amendment, as no Rule 16 order has been entered yet and no trial date or other deadlines have been set, all of which results in ample time for defendants to conduct discovery and prepare their defense. As discussed above, the allegations plaintiffs seek to assert against Jafri's appear sufficient to state a claim on which relief may be granted, so that the amendment is not futile.

Accordingly, because on balance the Hensgens and Rule 15 factors weigh in favor of permitting the amendment, plaintiffs' motion to amend is GRANTED. Whether the

case should now be remanded from this court to the state court from which it was removed, as provided in 28 U.S.C. § 1447(e), is a matter solely within the province of the presiding district judge.

          New Orleans, Louisiana, this ___25th___ day of April, 2017.

                                JOSEPH C. WILKINSON, JR.
                         UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. JANE TRICHE MILAZZO**