UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TRAVIS THOMAS, *ET AL.*,** | * | **CIVIL ACTION NO: 16-15750** |
| **Plaintiffs** | * | |
| | * | **SECTION: "J" (4)** |
| **VERSUS** | * | |
| | * | **JUDGE:  MILAZZO** |
| **EXXON MOBIL CORPORATION, *ET AL.*,** | * | |
| **Defendants** | * | **MAGISTRATE:  WILKINSON** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**CERTAIN DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR REVIEW OF AND OBJECTIONS TO MAGISTRATE JUDGE'S RULING ON PLAINTIFFS' MOTION FOR LEAVE TO AMEND**

**MAY IT PLEASE THE COURT:**

This Court has previously held that Plaintiffs fraudulently joined Jafri's Faith, Inc. ("Jafri's) in this matter,[2] meaning there is no reasonable possibility that Plaintiffs may recover against Jafri's. The amended claims are nothing more than a post-removal attempt to "amend away" federal jurisdiction.[3] Magistrate Judge Wilkinson, Jr., however, granted Plaintiffs' Motion for Leave to Amend[4] based on conclusions and arguments that are contrary to law on the issue. Accordingly, the Magistrate Judge's Ruling should be reversed, the Motion for Review filed by Defendants, Shell Oil Company, Exxon Mobil Corporation, Gentilly, LLC, Frontier Merger Sub LLC, and Cash America, Inc. of Louisiana (collectively, "Certain Defendants"), should be granted, and Jafri's should be dismissed as a defendant from this matter.

---

[2] Rec. Doc. 26.

[3] *See* Rec. Doc. 26, wherein Plaintiffs' Motion for Leave plainly sets forth the intended purpose of the filing as follows: ". . . [to] cure the defects of the original Petition for Damages and permit remand to the state court." *See also* Rec. Doc. 33, at pp. 4-6.

[4] Rec. Doc. 42.

**I.     Relevant Background**

This case was removed to this Court on the basis of diversity jurisdiction, alleging that the non-diverse defendant, Jafri's, was fraudulently or improperly joined.[5] In denying Plaintiffs' Motion to Remand, this Court determined that "Jafri's is fraudulently joined, as the Petition does not provide a legal basis for recovery against it."[6] In an attempt to "amend away" jurisdiction, Plaintiffs filed a Motion for Leave to File First Amended Complaint, wherein they add allegations against Jafri's, for the intended purpose of "cur[ing] the defects of the original Petition for Damages and permit[ting] remand to the state court."[7] On April 25, 2017, Magistrate Judge Wilkinson, Jr. granted Plaintiffs' Motion for Leave to Amend allowing Plaintiffs to file their First Amended Complaint.

**II.    Standard of Review**

A district court should reverse a magistrate judge's ruling on non-dispositive pretrial matters where the court finds such a ruling to be "clearly erroneous or contrary to law."[8] A magistrate judge's ruling is clearly erroneous when the court is left with a "definite and firm conviction that a mistake has been committed."[9] Similarly, a ruling is "contrary to law" when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.[10]

The issue before this Court is whether the magistrate judge committed a mistake in his Ruling that was clearly erroneous and contrary to law. Based on a review of the record and well-

---

[5] Rec. Doc. 1.
[6] Rec. Doc. 26, at 4.
[7] Rec. Doc. 30, ¶ 5.
[8] *See* FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see also In re Combustion, Inc.,* 161 F.R.D. 54, 55 (W.D. La. 1995).
[9] *Moody v. Callon Petroleum Operating Co.,* 37 F.Supp.2d 805, 807 (E.D. La. 1999).
[10] *Ordemann v. Unidentified Party,* No. 06-4796, 2008 WL 695253, at *1 (E.D. La. March 12, 2008) (citations omitted).

established law, the answer to that question is clearly "yes." Therefore, this Court should reverse the Magistrate Judge's Order and Reasons granting Plaintiffs' leave to amend.

### III. Legal Analysis

#### A. The Magistrate Judge did not consider that post-removal filings designed to cure improper or fraudulent joinder are improper.

The Magistrate Judge's Order cited to Fifth Circuit case law to the effect that a court should not dismiss an action under a Rule 12(b)(6) Motion to Dismiss without giving Plaintiffs at least "one chance to amend" the Complaint.[11] However, the Fifth Circuit in *Hernandez v. Ikon Office Sols., Inc.,* was not presented with issues pertaining to remand, but was instead reviewing a district court's dismissal pursuant to Rule 12(b)(6).[12] The court found that "[a]t the motion to dismiss stage of the proceedings, with a claim conceded to be viable, he should have been given at least one chance to amend."[13]

The Magistrate Judge relied on *Hernandez* in concluding that "Plaintiffs have not previously been provided an opportunity to amend to cure pleading deficiencies."[14] This ignores the well-established rule that the time to assess whether a case is removable is at the time of removal.[15] Without such rule, the court would have to revisit the issue of jurisdiction each time the plaintiff sought to amend the complaint to assert a new cause of action against the non-diverse defendant.[16] The purpose of this rule is to prevent scenarios like the one presented here.

---

[11] Rec. Doc. 42.
[12] *Hernandez v. Ikon Office Sols., Inc.,* 306 Fed.Appx. 180 (5th Cir. 2009) (unpublished).
[13] *Id.* at 182.
[14] Rec. Doc. 42.
[15] *See* Rec. Doc. 26, n. 3; *see also Ayala v. Enerco Grp., Inc.,* 569 F.App'x 241, 245 (5th Cir. 2014); *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 264 (5th Cir. 1995); *see also Ayala v. Gabriel Bldg. Supply,* No. 12–577, 2012 WL 1579496, at *2 (E.D. La. May 4, 2012) (Milazzo, J.).
[16] *Cavallini,* 44 F.3d at 264.

After fraudulent joinder removal, a plaintiff may not amend the complaint in order to state a claim against the non-diverse defendant, and thus divest the federal court of jurisdiction.[17] Specifically, "[p]ost-removal filings may not be considered ... when or to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court."[18] Under these circumstances, the Fifth Circuit has held it would be futile to grant a motion for leave because "a complaint amended post-removal cannot divest a federal court of jurisdiction."[19]

It is contrary to well-established Fifth Circuit law for Magistrate Judge Wilkinson to have not considered that post-removal amendments designed to cure fraudulent joinder are improper.

### B. The Magistrate Judge applied the wrong elements of a negligence claim in concluding that the amended allegations were not futile.

Because post-removal amendments designed to cure fraudulent joinder are improper, the analysis should not proceed to consider the merits of the amended allegations. But, that's what the Magistrate Judge did. He concluded that Plaintiffs' proposed amended allegations were sufficient to state a plausible claim upon which relief may be granted, so that the amendment was not futile.[20] However, such conclusion is clearly erroneous and contrary to law.

First, the Magistrate Judge writes that the alleged facts "plausibly support plaintiffs' assentation that <u>all</u> defendants, including Jafri's, knew or should have known many years of the hazards[.]"[21] He also writes that, "Plaintiffs allege that all defendants negligently misrepresented, concealed or omitted material information about the known hazards."[22] However, Plaintiffs' tactic of lumping all defendants together as if each of them had the same knowledge, at the same time,

---

[17] *Boxie v. Gate Pharm.,* 98–CV2142, 1999 WL 35365002, at *2 (W.D. La. March 10, 1999), *report and recommendation adopted,* 1999 WL 35365003 (W.D. La. 1999).
[18] *Ayala,* 569 F.App'x. at 245 (citing *Griggs v. State Farm Lloyds,* 181 F.3d 694, 700 (5th Cir. 1999)).
[19] *Cavallini,* 44 F.3d at 264.
[20] Rec. Doc. 42.
[21] Rec. Doc. 42, at p. 8.
[22] Rec. Doc. 42, at p. 8.

4

was expressly rejected by this Court. In denying Plaintiffs' Motion to Remand, this Court rejected Plaintiffs' "boilerplate statement that all 'defendants knew or should have known of the health hazards inherent in the products'" as a legal conclusion, lacking sufficient specificity.[23]

Second, the Magistrate Judge concluded that the amended complaint "plausibly give[s] rise to an entitlement to relief" under a negligence theory. However, he did not cite the correct legal elements of a negligence cause of action against a non-manufacturing seller, such as Jafri's.[24] In denying Plaintiffs' Motion to Remand, this Court found that a "non-manufacturing seller of a defective product can be held liable outside of the provisions of the [Louisiana Products Liability Act], ''but only if he knew or should have known that the product sold is defective.'"[25]

Pursuant to Louisiana law, a plaintiff must plead the following elements of a negligence claim against a non-manufacturing seller, such as Jafri's: (1) the product sold by the seller must be defective; (2) the seller must have had actual or constructive knowledge that the product it sold was defective; and (3) the seller must have failed to declare the defect.[26]

The Amended Complaint alleges that Jafri's was under a duty to investigate potential defects in the products it sold; failed to investigate such defects; and failed to warn buyers, such as Mr. Thomas about the potentially-toxic effects of benzene.[27] A non-manufacturing seller is not required to inspect a product prior to sale to determine the possibility of inherent vices or defects.[28]

---

[23] Rec. Doc. 26, at p. 4.
[24] Rec. Doc. 42, at p. 9 (citing *Oubre v. Eslaih*, 03-1133 (La. 2/6/04); 869 So.2d 71 (applying a duty-risk analysis in a case involving a personal injury matter wherein the plaintiff, a taxi cab driver, sustained injuries when a police failed to assist him after his cab stalled on the side of a highway)).
[25] Rec. Doc. 26, at p. 4.
[26] *Brown v. Johnson & Johnson, Inc.*, No. 15–2308, 2015 WL 6128706, at *2 (E.D. La. Oct. 16, 2015) (citing *Ayala*, 569 F. App'x at 245); *Edwards v. Permobil, Inc.*, 2013 WL 4094393, at *3 (E.D. La. 2013), *adhered to,* No. 11–1900, 2013 WL 4548706 (E.D. La. Aug. 27, 2013) (citing *Kelley v. Price–Macemon, Inc.,* 992 F.2d 1408, 1413 (5th Cir. 1993)).
[27] Rec. Doc. 31-1, at ¶ 39.
[28] *Ayala,* 569 Fed.Appx. at 245; *Tunica-Biloxi Indians of Louisiana v. Pecot,* No. 02–1512, 2006 WL 1228902, at *2 (W.D. La. May 3, 2006) (citations omitted).

For example, in *Edwards v. Permobil, Inc.,* Judge Vance granted the defendants' motion for summary judgment finding that the plaintiff presented a theory of liability that imposed a duty of inspection not required by existing law.[29] There, the plaintiff sought to impose a duty to warn on a non-manufacturer seller of a wheelchair. The court found that the non-manufacturer seller was not actually or constructively aware of a defect and that it thus did not fail to warn the plaintiff.[30]

Additionally, in *Ayala v. Enerco Grp., Inc.,* the Fifth Circuit held that the plaintiff's allegations were insufficient to establish liability of a non-manufacturing seller under Louisiana tort law.[31] The original complaint contained only the conclusory allegation that Gabriel, the non-manufacturing seller of the Mr. Heater, was negligent, and failed to allege that the seller "knew or should have known the product was defective or any other factual basis for Gabriel's negligence under Louisiana law."[32] The Fifth Circuit then affirmed the district court's ruling, authored by the Honorable Judge Milazzo, which held that there was no reasonable basis to predict that a state court would allow the plaintiff to recover against the non-diverse defendant.

Similarly, the Amended Complaint here does nothing but add conclusory allegations, without alleging any factual findings that Jafri's had actual or constructive knowledge of the alleged defects in the product it sold. Therefore, the added allegations are insufficient to state a negligence cause of action. Based on the foregoing case law, the magistrate judge's conclusion that the amended complaint was not futile is clearly erroneous and contrary to law.

---

[29] *Edwards v. Permobil, Inc.,* No. 11–1900, 2013 WL 4094393, at *4 (E.D. La. Aug. 13, 2013), *adhered to,* 2013 WL 4548706 (E.D. La. 2013).
[30] *Id.* at *4.
[31] *Ayala*, 569 Fed.Appx. 241.
[32] *Id*. at 246.

C.      **The Magistrate Judge incorrectly applied the *Hensgens* factors.**

The Magistrate Judge incorrectly construed the Motion for Leave to Amend as a motion to add a defendant,[33] thus ignoring Plaintiffs' stated purpose for seeking leave to amend the Complaint—to "cure the defects of the original Petition for Damages and permit remand to the state court."[34] The Magistrate Judge's analysis was result-driven, as he discussed considerations under 28 USC § 1447(e) that were not even presented by Plaintiffs in their Reply Brief in Support of Plaintiffs' Motion for Leave to File First Amended Complaint.[35]

Even assuming the Motion for Leave to Amend could be construed as a motion to add a defendant, which Defendants expressly deny, the Magistrate Judge incorrectly applied the *Hensgens* factors. If after removal, the plaintiff seeks to join a non-diverse defendant, the court may deny or permit joinder pursuant to 28 § 1447(e). The Fifth Circuit in *Hensgens v. Deere & Co.* set out four factors for courts to consider when an amendment seeks to add a non-diverse party that would destroy jurisdiction in a removed action: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether plaintiff has been dilatory in asking for amendment, (3) whether plaintiff will be significantly injured if amendment is not allowed, and (4) any other factors bearing on the equities.[36]

Pursuant to the first factor—whether the purpose of the amendment is to defeat federal jurisdiction—the answer here is undeniably yes. This Court should be guided by the Southern District of Texas's resolution of a similar situation in *Olvera v. Primerica Life Ins. Co.*[37] In *Olvera*, as in this case, the plaintiff sought to add a non-diverse defendant post-removal who

---

[33] Rec. Doc. 42, at p. 6.
[34] Rec. Doc. 30, at ¶ 5.
[35] Rec. Doc. 41.
[36] *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir. 1987).
[37] *Olvera v. Primerica Life Ins. Co.,* No. 7:13–CV–558, 2014 WL 222602, at *1 (S.D. Tex. Jan. 21, 2014).

7

was previously dismissed from the case due to fraudulent joinder. The court recognized that "[t]he *Hensgens* factors were tailored for cases in which the proposed non-diverse party had never been a party to the case, but also apply to cases in which the non-diverse party was previously joined, as here."[38] The *Olvera* plaintiff's intent to defeat jurisdiction could be inferred from the fact that "[p]laintiff did not bother with more than a pro forma pleading until removal to federal jurisdiction. Plaintiff's sudden burning desire to include key factual allegations against Ms. Ficker displays an intent to defeat federal jurisdiction."[39]

Similarly, Plaintiffs' prior claims against Jafri's do not demonstrate a reasonable basis for predicting that state law would allow recovery. Jafri's was fraudulently joined for the purpose of preventing removal to federal court, a conclusion supported by this Court's Order and Reasons denying Plaintiffs' Motion to Remand. Plaintiffs only sought to add further details once their Motion to Remand was denied. As in *Olvera*, Plaintiffs' "sudden burning desire to include key factual allegations" against Jafri's, together with their stated purpose for seeking leave to amend the Complaint[40] displays an unquestionable intent to defeat federal jurisdiction.

The Magistrate Judge dismissed the second factor, finding there to be no delay in seeking an amendment. However, "when a plaintiff knows or should know of the identity of the other defendants but does not seek to add them until post-removal when they would destroy diversity, that often suggests dilatoriness and an intent to defeat federal jurisdiction."[41] Plaintiffs certainly knew of Jafri's identity at the time of filing suit in state court, but waited to attempt to allege a viable cause of action against Jafri's until their choice of forum required it. The amended complaint

---

[38] *Id.* at *2.
[39] *Id.*
[40] Rec. Doc. 30, at ¶ 5 (to "cure the defects of the original Petition for Damages and permit remand to the state court").
[41] *Davis v. Kemp,* No. 08–cv–20272009 WL 938978, at *3 (W.D. La. April 6, 2009), *appeal denied, judgment aff'd,* 2009 WL 1307890 (W.D. La. 2009).

8

is a delayed and deficient effort in an attempt to demonstrate a viable claim against Jafri's. It was erroneous and contrary to law for the Magistrate Judge to find that this factor weighed in favor of permitting the amendment.

The Magistrate Judge seemed particularly influenced by the prospect of parallel proceedings and the judicial interest in avoiding the same as a reason that weighted heavily in favor of permitting the amendment.[42] However, the Fifth Circuit, in *Lachney v. Lumbermens Mut. Cas. Co.,* affirmed the district court's denial of the plaintiff's motion to remand, finding that the plaintiff would **not** be prejudiced by the denial of joinder because it could still pursue the non-diverse defendants added post-removal in state court.[43] Moreover, Plaintiffs do not argue that Jafri's presence is "necessary for a complete adjudication of the matter."[44]

That may well be because Plaintiffs' counsel recognizes that Jafri's may never actually be a represented party in any proceeding, regardless of the forum. Jafri's is an inactive corporation. It has made no appearances during the state court proceedings or in the federal court proceedings, despite being served. It has not answered the complaint and has not filed any responsive pleadings. Regardless of how Plaintiffs seek to amend their allegations against Jafri's, the specificity of these claims will not alter the fact that Jafri's is an improper defendant against whom Plaintiffs have no possibility of recovery.

Jafri's corporate status was administratively terminated by the Louisiana Secretary of State on September 16, 2015, for failure to file required corporate documents.[45] Since September 2015, Jafri's has had an inactive corporate status, and has taken no apparent measures to become reinstated as a Louisiana corporation. Recent judicial treatment of inactive corporate defendants

---

[42] Rec. Doc. 42.
[43] 129 F.3d 610 (5th Cir. 1997) (emphasis added).
[44] *Par. Disposal Indus., LLC v. BFI Waste Servs., LLC,* 2014 WL 2207870, at *6 (W.D. La. 2014).
[45] *See* Louisiana Secretary of State Business Filing for Jafri's Faith, Inc., attached hereto as Exhibit "A."

supports the argument that Plaintiffs have no reasonable basis upon which to assert a claim against Jafri's.[46] For instance, in *Weinstein v. Conoco Phillips*, the plaintiffs asserted claims against Drew Cornell, Inc. ("Cornell"), a non-diverse corporate defendant, who, while not officially dissolved, had had its charter revoked and had become inactive several years prior to the filing of the lawsuit.[47] In finding the plaintiffs' joinder of this non-diverse corporate defendant to be improper, the Court reasoned as follows:

> In this case, the plaintiffs have no reasonable basis for recovery against Cornell, who not only has no corporate existence, but has no existence of any kind. There is simply no one to sue and there will never be anyone to sue. Cornell will never make an appearance, will never participate, and will never be available for recovery. The joinder of Cornell is nothing more than a "mere theoretical possibility," which is not enough to preclude a finding of improper joinder. The Fifth Circuit has been clear on this issue.
>
> The Court agrees that the possibility of recovery against Cornell is nothing more than a mere theoretical possibility at this time, even though the company has not been officially dissolved.[48]

Similarly, in a very recent opinion issued by the Western District of Louisiana in *Morgan Plantation, Inc. v. Tennessee Gas Pipeline Co., LLC*, the court considered similar circumstances in which a plaintiff joined a non-diverse inactive corporate defendant, in an apparent effort to defeat diversity jurisdiction.[49] In relying heavily on *Weinstein*, the court concluded that the plaintiffs had nothing more than a "theoretical possibility of recovery" against the inactive corporation in light of its inactive status, and thus held that the defendant was improperly joined and its presence in the lawsuit could not be used to defeat diversity jurisdiction.[50] In reaching this

---

[46] *See, e.g., Morgan Plantation, Inc. v. Tennessee Gas Pipeline Co., LLC*, No. 16-cv-1620, 2017 WL 1180995 (W.D. La. Feb. 8, 2017); *Weinstein v. Conoco Phillips*, No. 13-919, 2014 WL 868918 (W.D. La. Feb. 28, 2014); *Ashley v. Devon Energy Corp.*, No. 14-512, 2015 WL 803136 (M.D. La. Feb. 25, 2015).
[47] *Weinstein*, 2014 WL 868918, at *1.
[48] *Id*. at *2.
[49] *Morgan Plantation*, 2017 WL 1180995.
[50] *Id*. at *2.

10

conclusion, the court expressly recognized that the formal dissolution or bankruptcy of an inactive corporate defendant is not a prerequisite for a finding of improper joinder.[51]

Here, as in *Weinstein* and *Morgan Plantation*, Plaintiffs' potential for recovery on their claims against Jafri's is merely theoretical. At no time, either during the state court proceedings, or in the federal court proceedings to date, has Jafri's made any appearance in this lawsuit. Jafri's has failed to answer Plaintiffs' original petition, join in removal, or file any responsive pleadings. Jafri's has had an inactive corporate status since September 2015, a year prior to Plaintiffs' filing of the instant lawsuit, and has made no effort to become reinstated since that time.[52]

Thus, the Plaintiffs have not shown they will be significantly injured if amendment is not allowed. Considering the totality of factors bearing on the equities in this case, including that this Court has already concluded that Plaintiffs have alleged no legal basis for recovery against Jafri's weighs heavily in favor of denying the Motion for Leave to Amend. Accordingly, the Ruling should be reversed.

**IV. Conclusion**

Because post-removal filings may not be considered when they present new causes of action or theories not raised in the controlling petition filed in state court, the Plaintiffs' Motion for Leave to File First Amended Complaint should have been denied. The Magistrate Judge's Order is clearly erroneous and contrary to law. Accordingly, Defendants, Shell Oil Company, Exxon Mobil Corporation, Gentilly, LLC, Frontier Merger Sub LLC, and Cash America, Inc. of Louisiana, respectfully request that this Court reverse the Magistrate Judge's Order and Reasons, deny Plaintiffs' Motion for Leave to File First Amended Complaint, and dismiss Jafri's Faith, Inc. as a defendant from this matter.

---

[51] *Id.*
[52] *See* Louisiana Secretary of State Business Filing for Jafri's Faith, Inc., Exhibit "A."

Respectfully submitted,

**KUCHLER POLK WEINER, LLC**

/s/ *Monique M. Weiner*
Deborah D. Kuchler (#17013)
Janika Polk (#27608)
Monique M. Weiner (#23233)
Skylar B. Rudin (#35036)
1615 Poydras Street, Suite 1300
New Orleans, Louisiana 70112
Telephone: (504) 592-0691
Facsimile: (504) 592-0696
Email: dkuchler@kuchlerpolk.com
　　　　jpolk@kuchlerpolk.com
　　　　mweiner@kuchlerpolk.com
　　　　srudin@kuchlerpolk.com
***Attorneys for Shell Oil Company and***
***Exxon Mobil Corporation***

*/s/ Susan B. Kohn*
Susan B. Kohn (#14501)
Douglas Kinler (#24143)
James R. Guidry (#26311)
SIMON, PERAGINE, SMITH & REDFEARN
30th Floor - Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-3000
Telephone: (504) 569-2030
Email: suek@spsr-law.com
　　　　aprilm@spsr-law.com
　　　　dkinler@spsr-law.com
　　　　jguidry@spsr-law.com
***Attorneys for Cash America, Inc.***
***of Louisiana and Frontier Merger Sub LLC***

*/s/ Thomas G. Buck*
THOMAS G. BUCK  T.A. (#14107)
BLUE WILLIAMS, L.L.P.
3421 North Causeway Boulevard, Suite 900
Metairie, LA  70002
Telephone (504) 831-4091
Facsimile (504) 837-1182
Email: tbuck@bluewilliams.com
***Attorney for Gentilly, Inc.***

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing motion was filed electronically with the Clerk of Court using the Court's CM/ECF system and a copy sent to all counsel of record by electronic means on the 9th day of May, 2017.

/s/ *Monique M. Weiner*
MONIQUE M. WEINER