# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRAVIS THOMAS, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-15750** |
| **EXXON MOBIL CORPORATION, ET AL.** | **SECTION: "H"(2)** |

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Remand (Doc. 44), Defendants Shell Oil Company, Exxon Mobil Corporation, Gentilly, LLC, Frontier Merger Sub LLC, and Cash America, Inc. of Louisiana's Motion for Review of and Objections to Magistrate Judge's Ruling on Plaintiffs' Motion for Leave to Amend (Doc. 45), and Defendant Ingram Barge Company's Motion for Appeal of the Magistrate Judge's Order Granting Leave to Amend (Doc 47). For the following reasons, the ruling of the Magistrate Judge is **AFFIRMED** and the Motion to Remand is **GRANTED**.

## BACKGROUND

Plaintiffs brings this action alleging that exposure to benzene and benzene-containing products at the hands of various defendants caused him to develop acute myeloid leukemia. Defendants Shell Oil Company and Exxon

1

Mobil Corporation removed the action to this Court on grounds of diversity jurisdiction. The Court denied Plaintiffs' Motion to Remand, finding that Jafri's Faith, Inc. ("Jafri's"), the only non-diverse defendant, was fraudulently joined in an effort to defeat this Court's diversity jurisdiction. Plaintiffs then sought leave to amend their Complaint to assert more specific factual allegations against Jafri's. The Magistrate Judge granted their Motion. Plaintiffs now contend that this matter must be remanded due to the joinder of a non-diverse defendant. Defendants respond in opposition and have filed their own Motions for review of the Magistrate Judge's ruling permitting the filing of the Amended Complaint.

## LEGAL STANDARD

### I. Motion for Review of Magistrate Judge's Ruling

With the consent of the presiding district judge, a magistrate judge may adjudicate non-dispositive pre-trial motions.[1] A magistrate judge is afforded broad discretion in resolving such motions.[2] A party aggrieved by the magistrate judge's ruling may appeal to the district judge within fourteen days after service of the ruling.[3] The district judge may reverse only upon a finding that the ruling is "clearly erroneous or contrary to law."[4] In order to meet this high standard, the district judge must be "left with a definite and firm conviction that a mistake has been committed."[5]

---

[1] 28 U.S.C. § 636(b)(1)(A).
[2] *McCallon v. BP Am. Prod. Co.*, Nos. 05–0597, C/W 05–0700, 2006 WL 3246886, at *2 (E.D.La. Nov. 8, 2006).
[3] Fed. R. Civ. P. 72(a).
[4] 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a).
[5] *Yelton v. PHI, Inc.*, 284 F.R.D. 374, 376 (E.D. La.2012).

## II. Motion to Remand

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[6] The burden is on the removing party to show "[t]hat federal jurisdiction exists and that removal was proper."[7] When determining whether federal jurisdiction exists, courts consider "[t]he claims in the state court petition as they existed at the time of removal."[8] "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties."[9] Removal statutes should be strictly construed, and any doubt should be resolved in favor of remand.[10]

## LAW AND ANALYSIS

As noted above, there are three Motions pending before the Court: Plaintiffs' Motion to Remand (Doc. 44), Defendants Shell Oil Company, Exxon Mobil Corporation, Gentilly, LLC, Frontier Merger Sub LLC, and Cash America, Inc. of Louisiana Motion for Review of and Objections to Magistrate Judge's Ruling on Plaintiffs' Motion for Leave to Amend (Doc. 45), and Defendant Ingram Barge Company's Motion for Appeal of the Magistrate Judge's Order Granting Leave to Amend (Doc 47). The Court will first address the Motions for review of the Magistrate Judge's order granting leave to amend as those Motions are dispositive of the issues before the Court.

---

[6] 28 U.S.C. § 1441(a).
[7] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[8] *Id.*
[9] *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).
[10] *Id.*

3

**I. Whether the Magistrate's Order Allowing Amendment was "Clearly Erroneous or Contrary to Law"**

Defendants argue that the Magistrate's ruling was erroneous because (1) it was improper to consider a post-removal amendment that would deprive the court of jurisdiction, (2) the amended complaint still fails to state a claim against Jafri's, and (3) the Magistrate Judge applied the *Hensgens* factors incorrectly. The Court will address these arguments in turn.

**A. Whether a Post-Removal Motion to Amend that Deprives the Court of Jurisdiction May be Considered**

The Magistrate correctly noted that the Court's earlier finding of fraudulent joinder was tantamount to dismissing Plaintiffs' claims against Jafri's without prejudice.[11] Accordingly, Plaintiffs' Motion to Amend was properly treated as a motion to add a defendant. Because the addition of Jafri's would destroy diversity and mandate remand, the proposed amendment was properly analyzed under 28 U.S.C. § 1447(e).

Defendants first argue that granting leave to amend is improper because post-removal amendments typically do not divest a district court of the power to hear a cases.[12] This general principle is, however, in tension with the plain language of 28 U.S.C. § 1447(e), which dictates that the post-removal addition of a non-diverse defendant mandates remand. Defendants appear to be advocating for a rule that a Plaintiffs can never amend his complaint to successfully state a claim against a defendant after that defendant has been found to be fraudulently joined in the state court petition. The Court finds no

---

[11] *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 210 (5th Cir. 2016)

[12] *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

4

jurisprudential support for this position,[13] and indeed the same is counter to the interests of judicial efficiency. As the Magistrate correctly noted, Plaintiffs have an interest in litigating all claims arising from the same factual occurrences in the same court. Accordingly, it was not error for the Magistrate to consider Plaintiffs' Motion to Amend.

**B. Whether the Amended Complaint States a Claim Against Jafri's**

Defendants next argue that the Magistrate Judge improperly found that the amended complaint states a claim against Jafri's. Plaintiffs again raises claims of negligence against Jafri's as the seller of hazardous benzene-containing gasoline. Defendants argue that Plaintiffs still fails to allege sufficient factual allegations against Jafri's. Again, the Court notes that in considering the sufficiency of a claim, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[14] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[15] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[16] The Court need not, however, accept as true legal conclusions couched as factual allegations.[17]"

---

[13] *See LC Farms, Inc. v. McGuffee,* No. 2:12-CV-165-SA-JMV, 2012 WL 5879433, at *2 (N.D. Miss. Nov. 21, 2012) ("Notably, Defendants have been unable to point the Court toward any cases in which the complete diversity of the parties has been destroyed by similar circumstances and yet the court has retained jurisdiction. Nor, in this Court's own course of review, has it been able to find authority to disregard an amendment made as a matter of course, which rehabilitated a previously deficient claim against a party present in the state court complaint.").

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[15] *Id.*

[16] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

[17] *Iqbal*, 556 U.S. at 667.

5

[A] non-manufacturing seller of a defective product can be held liable outside of the provisions of the LPLA, 'but only if he knew or should have known that the product sold is defective.'"[18] In the original state court petition, Plaintiffs' sole factual allegation specific to Jafri's was that it sold gasoline to Plaintiff. Plaintiffs proposed amendment now specifically alleges that Jafri's either failed to investigate benzene-related defects in the products it sold or that it actively concealed the potentially toxic effects of the same. Read in the light most favorable to Plaintiffs, this is sufficient to state a negligence claim against Jafri's. Accordingly, amendment was proper on this ground.

C. **Whether the Magistrate Correctly Applied the *Hensgens* Factors**

Defendants finally argue that the Magistrate incorrectly applied the *Hensgens* factors in allowing amendment. In *Hensgens v. Deere & Co.*, the Fifth Circuit set out the following factors that must be considered when an amendment seeks to add a non-diverse defendant that would destroy jurisdiction: (1) the extent to which the purpose of the amendment is to destroy diversity, (2) whether the plaintiff has been dilatory in asking for amendment, (3) whether plaintiff will be significantly injured if amendment is not allowed, and (4) any other factors bearing on the equities.[19]

As the Magistrate correctly noted, it is clear from Plaintiffs' pleadings that they would prefer to litigate this matter in state court. Upon examination of the record and in consideration of the equities, however, he concluded that there was insufficient evidence to indicate that this was their principal motivation. The Magistrate correctly found that it is in Plaintiffs' best interest

---

[18] *Wornner v. Christian Home Health Care, Inc.*, No. 13-6416, 2014 WL 130331, at *4 (E.D. La. Jan. 14, 2014).

[19] 833 F.2d 1179 (5th Cir. 1987).

to pursue litigation against all alleged wrongdoers in the same court. The record contains no allegation of undue delay on the part of the Plaintiffs. Furthermore, Plaintiffs would be presented with undue hardship if they were forced to litigate their claims in two courts. Accordingly, the Magistrate's finding that the *Hensgens* factors favor amendment is not clearly erroneous.

**II. Plaintiffs' Motion to Remand**

Having found that Plaintiff's amendment to allege sufficient claims against Jafri's was appropriate, the court is without discretion to retain jurisdiction over this matter.[20] Because Plaintiff alleges facts and asserts claims against a non-diverse defendant, this action must be remanded pursuant to 28 U.S.C. § 1447(e) for lack of subject matter jurisdiction.

# CONCLUSION

For the foregoing reasons, the ruling of the Magistrate Judge is **AFFIRMED** and Plaintiffs' Motion to Remand is **GRANTED**. This matter is **REMANDED** to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana this 31st day of July, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[20] *Mills Grp. Ltd. v. Oceanografia, S.A. de C.V.*, No. CIV.A. H-08-3449, 2009 WL 3756931, at *2 (S.D. Tex. Nov. 6, 2009).